UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  Case No: 15-24613-LMI
Chapter 13

VARELA, JULIO
SSN: XXX-XX-1059
               Debtor   /

### NOTICE OF FILING DEBTOR'S RESPONSE TO NOTICE OF RULE 2004 EXAMINATION DUCES TECUM

COMES NOW the Debtor, JULIO VARELA, and serves Notice of Filing Debtor's Response to Notice of Rule 2004 Examination Duces Tecum in this bankruptcy cause and responds as follows:

1. Attached please find a copy of the closing statement, quit claim deeds, mortgage application and note for the property located at:

   *7964 NW 163rd Terrace, Miami Lakes, FL 33016*

2. The Debtor has informed undersigned counsel that the property has never been refinanced nor has the loan been modified.

3. The Debtor has informed undersigned counsel that the property was not purchased during the last 41 months.

4. The Debtor has informed undersigned counsel that to his recollection, he has not purchased, sold or transferred any real property during the last 5 years.

5. Attached please find bank statements and canceled checks from August 13, 2014 through August 13, 2015 for the following bank accounts:

   a. Apollo Bank #9093
   b. Apollo Bank #8270
   c. Apollo Bank #80093
   d. Wells Fargo Bank #3946
      **Please note this account was opened in June 2015.**

6. Please note that undersigned counsel has requested from the Debtor explanations and support for any checks, withdrawals and debit transactions that are $1,000 or higher in the bank statements listed above and is awaiting same.

7. Attached please find photographs of the household goods and furnishings listed on Schedule B.

8. The Debtor has informed undersigned counsel that he does not have a copy of the homeowner's insurance policy, as the policy has been force placed by his lender.

9. The Debtor has informed undersigned counsel that he is the only person authorized on the bank accounts with Apollo Bank. The Debtor's daughter, Hilda Varela is the only authorized signer in addition to the Debtor on the bank account with Wells Fargo Bank. However, the Debtor does not have any applications or information concerning the authorized signer. Additionally, the Debtor has informed undersigned counsel that he did not own any bank accounts for the companies listed below:

    a. Escalade Development, LLC
    b. Varela Const., Corp.
    c. Habana-Cuba Cigar Lounge, Inc.
    d. Prestige Builders of Florida II, LLC
    e. Sixty Seven Development Corp.
    f. Escalade Development of Sebring Corp.
    g. Escalade Park of Sebring Corp.
    h. A-1 General Maintenance Services Corp.
    i. Bella Fiore Corp.

10. The Debtor has informed undersigned counsel that he did not own any bank accounts for the companies listed on #9.

11. Attached please find 2012 and 2013 Income Tax Returns for Bella Fiore Corp as well as 2014 Income Tax Return for Bella Fiore LLC. The Debtor has informed undersigned counsel that he did not file any Income Tax Returns for the additional companies listed below:

      a. Escalade Development, LLC
      b. Varela Const., Corp.
      c. Habana-Cuba Cigar Lounge, Inc.
      d. Prestige Builders of Florida II, LLC
      e. Sixty Seven Development Corp.
      f. Escalade Development of Sebring Corp.
      g. Escalade Park of Sebring Corp.
      h. A-1 General Maintenance Services Corp.
      i. Alerav Corp.

12. Attached please find Balance Sheets and Statements of Income for 2013 and 2014 for Bella Fiore LLC. The Debtor has informed undersigned counsel that he does not have any financial statements for the properties listed below:

      a. Escalade Development, LLC
      b. Varela Const., Corp.
      c. Habana-Cuba Cigar Lounge, Inc.
      d. Prestige Builders of Florida II, LLC
      e. Sixty Seven Development Corp.
      f. Escalade Development of Sebring Corp.
      g. Escalade Park of Sebring Corp.
      h. A-1 General Maintenance Services Corp.
      i. Bella Fiore Corp.
      j. Alerav Corp.

13. The Debtor has informed undersigned counsel that he is not in possession of any applications (for credit) that were submitted to any financial institution by the companies listed below:

      a. Escalade Development, LLC
      b. Varela Const., Corp.
      c. Habana-Cuba Cigar Lounge, Inc.
      d. Prestige Builders of Florida II, LLC
      e. Sixty Seven Development Corp.
      f. Escalade Development of Sebring Corp.
      g. Escalade Park of Sebring Corp.
      h. A-1 General Maintenance Services Corp.
      i. Bella Fiore Corp.
      j. Alerav Corp.
      k. Bella Fiore LLC

14. The Debtor has informed undersigned counsel that there are no pending jobs or accounts receivable for the companies listed on Item 13.

15. The Debtor has informed undersigned counsel that he does not have a USB flash drive or disc containing the accounting data for the companies listed on Item 13.

16. The Debtor has informed undersigned counsel that the companies listed on Item 13 do not possess any value with the exception of Alerav Corp. and Bella Fiore LLC whose values are comprised of the bank accounts listed on Schedule B and a list of business equipment for Bella Fiore LLC attached herewith.

17. Attached please find a list of Business Equipment for Bella Fiore LLC. The Debtor has informed undersigned counsel that there are no additional assets owned by this company or any company listed on Item 13.

18. The Debtor has informed undersigned counsel that there were no cash advances taken from any credit cards or lines of credit as listed on Schedule F.

19. Attached please find the Debtor's Personal Income Tax Returns for 2013 and 2014.

20. The Debtor has informed undersigned counsel that he did not retain any statements from the creditors listed on Schedule F.

21. Attached please find a letter of explanation provided to Marcia T. Dunn, Trustee regarding the Debtor's pending auto accident claim listed on Schedule B. Additionally, attached please find the docket, Complaint and Motion for Summary Judgment.

22. The Debtor has informed undersigned counsel that he did not retain any receipts or detailed statements for purchases made within the last five years from Brandsmart.

23. Please refer to the notes section on the Debtor's Schedule J (attached) indicating that the rental expense listed is an anticipated rental expense, as the Debtor does not presently have a rental expense. As such, there is no documentation to support said expense.

24. The Debtor has informed undersigned counsel that he did not retain any statements for the bank account with Chase Bank listed on SOFA #11.

25. Attached please find a copy of the Debtor's credit report.

26. The Debtor has informed undersigned counsel that he does not have a copy of his spouse's credit report.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF to Robert A. Angueira, Counsel for Marcia T. Dunn, Trustee, 6495 SW 24th Street, Miami, FL 33155; Marcia T. Dunn, Trustee, 555 NE 15th Street, Suite 934-A, Miami, FL 33132 and via U.S. Mail to Debtor on this 3rd day of November, 2015.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**THE ARCIA LAW FIRM**
*Attorney for Debtor*
3350 SW 148th Avenue, Suite 405
Miramar, FL 33027
Telephone: 954-437-9066
Facsimile: 954-362-5824

By: */s/Omar J. Arcia*
    Omar J. Arcia, Esq.
    Florida Bar No. 057223